CHARLES S. AVERILL *vs.* FRANCIS O. IRISH.

When mortgaged goods are attached together with other goods of the mortgagor, with which they are intermingled, the mortgagee, on making a demand on the attaching officer for payment of the mortgage debt, as required by Rev. Sts. *c.* 90, § 79, may maintain an action against him, without pointing out the goods included in the mortgage; and the demand need not specify which of the goods attached are included in the mortgage, and is not rendered invalid by describing all the goods attached as included in the mortgage.

ACTION OF TORT against a deputy sheriff, for taking and converting goods claimed by the plaintiff under a mortgage from Rufus K. Cummings. The defendant justified under three writs against Cummings.

Averill *v.* Irish.

At the trial in the court of common pleas, before *Perkins*, J it appeared that the defendant, on the 20th of March 1852, came to the house of Cummings, where the plaintiff was boarding, and there attached, on three writs against Cummings, a lot of household furniture and millinery stock, which was the property of Cummings, subject only to the plaintiff's mortgage. The defendant drew up a schedule of the property attached, before any demand was made upon him. Among the articles so attached, and included in the schedule, were a picture frame and a quantity of bonnet stands, which were not included in the mortgage to the plaintiff.

On the 27th of March 1852, the plaintiff made a demand in writing upon the defendant, which was the only demand made before bringing this suit, and of which the following is a copy : " Chelsea, March 27, 1852. Francis O. Irish, Esq. Sir, Having been informed that you have attached the household furniture in the house occupied by Rufus K. Cummings in Chelsea afore-said, and a stock of millinery goods, &c. in said house, this is to inform you that said household goods and millinery stock were mortgaged to me for the sum of three hundred dollars, on the 27th day of October 1851, which mortgage is recorded in the office of the town clerk of Chelsea, lib. 4, fol. 145 ; and you are further informed and notified that there is now due me under said mortgage the said sum of three hundred dollars and interest from the date of said mortgage to the date of these presents. And I hereby demand of you payment of said sum of three hundred dollars and interest as aforesaid.

Charles S. Averill."

The defendant objected generally to the sufficiency of this demand; and particularly objected that it was insufficient, because it did not specify the articles attached, which the plaintiff claimed under his mortgage, and because the demand described, as held under the mortgage, all the goods and stock attached, when in fact the picture frame and bonnet stands were not included in the mortgage. But the judge ruled that the demand was sufficient, and a verdict was returned for the plaintiff. The defendant alleged exceptions.

*O. H. P. Green*, for the defendant. 1. The demand was insufficient, inasmuch as it did not specify which of the articles attached the plaintiff claimed under his mortgage. The plaintiff lived in the house where the articles were, and a schedule of the articles attached was made before the demand ; so that it was in the plaintiff's power to specify the articles. *Moriarty* v. *Lovejoy*, 23 Pick. 321. *Codman* v. *Freeman*, 3 Cush. 313. 2. The plaintiff cannot maintain this action, because the articles mortgaged to him were found in the possession of the mortgagor, intermingled with other articles not mortgaged, and he did not point out his articles, though it was in his power to do so. *Bond* v. *Ward*, 7 Mass. 123. *Sawyer* v. *Merrill*, 6 Pick. 478. *Shumway* v. *Rutter*, 8 Pick. 443. *Harding* v. *Coburn*, 12 Met. 341. 3. The plaintiff, having the means of making an accurate demand, claimed too much, by including in his demand articles not covered by his mortgage ; and his demand, not being sustained as to a part of the goods attached, is bad as to the whole. *Rowley* v. *Rice*, 10 Met. 13.

*G. W. Searle*, for the plaintiff.

METCALF, J. All the objections, which the defendant has made in argument to the plaintiff's right to retain his verdict, must be overruled, on the authority of previous decisions.

1. In *Harding* v. *Coburn*, 12 Met. 333, and in *Codman* v. *Freeman*, 3 Cush. 306, it was held, (notwithstanding a *dictum* to the contrary in an earlier case,) that when a mortgagee of goods demands payment of an attaching creditor or officer, under the Rev. Sts. *c.* 90, §§ 78, 79, he need not specifically designate the articles enumerated in the mortgage. On this point, *Jones* v. *Richardson*, 10 Met. 481, is not distinguishable from the case at bar.

2. 3. The objection, that the plaintiff cannot maintain this action, for the reason that the mortgaged goods were intermixed with other goods of the mortgagor, is answered by the decision in *Harding* v. *Coburn*, before cited. The same case answers also the defendant's last objection. The mortgagee there stated to the officer, as the plaintiff did in the present case, that he had a mortgage of the property which the officer had attached, and

referred to the mortgage, without further designating the property mortgaged. In a suit against the officer, he included in his writ, as the present plaintiff has done, some articles which were not covered by the mortgage. But he obtained a verdict for the value of the mortgaged articles, as the present plaintiff has, and he had judgment on that verdict, as plaintiffs have in other cases, when their proof supports only a part of their claim.

*Exceptions overruled.*